IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDINE J.N., | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 24-5925 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                          September 4, 2025

       Claudine J.N. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is granted and the case remanded to the Commissioner for further review consistent with this opinion.

       **I.**        **PROCEDURAL HISTORY**[2]

       Plaintiff filed her DIB claim on September 13, 2021, alleging that her disability began on December 31, 2018. R. 1449. Plaintiff's claims were denied initially and upon reconsideration; hence, she requested a hearing before an administrative law judge. *Id.* A hearing was held before

---

[1] Frank Bisignano became Commissioner of the Social Security Administration on May 7, 2025. Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted as Defendant in this suit and, pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.

[2] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

administrative law judge Jennifer M. Lash ("the ALJ"), on September 8, 2022. *Id.* The ALJ, applying the sequential evaluation process ("SEP") for disability,[3] denied relief, on October 24, 2022. *Id.* Plaintiff sought judicial review from this court and the parties consented to a remand. *Id.* On February 26, 2024, the Appeals Council remanded the case to the ALJ, with specific directives. R. 1526-27.

Upon remand, the ALJ conducted a second hearing, by telephone, on August 14, 2024. R. 1472-87. Plaintiff, represented by an attorney and Lori Cowan, a vocational expert, ("the VE") testified at the hearing. *Id.* Applying the SEP, the ALJ, again, found that Plaintiff was not disabled, on September 4, 2024. R. 1449-65. Plaintiff then sought judicial review in this court. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.  FACTUAL BACKGROUND

A.  <u>Personal History</u>

Plaintiff, born on August 29, 1975, was 43 years old on her date last insured, December

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

31, 2018.  R. 1463.  She lives with her husband and two children.  R. 1479.  Plaintiff last worked in 2012.  R. 1478.

B.      Plaintiff's Testimony

At the August 14, 2024 administrative hearing, Plaintiff testified that she stopped working in 2012, because she suffered chronic pain throughout her body and was unable to concentrate for extended periods of time.  R. 1478.  In particular, she endured bilateral pain and numbness in her arms, especially if she lifted them to chest level.  R. 1478-79.  Plaintiff was unable to wash her hair frequently, because that activity, like any prolonged use of her hands, caused pain and numbness.  R. 1480.

C.      Vocational Testimony

The VE was asked to consider a person of Plaintiff's age and education, who lacked work experience,[4] and was able to perform light[5] work, with additional limitations:  occasionally able to balance, stoop, kneel, crouch, crawl, reach overhead with both arms and climb ramps and stairs; never able to climb ladders, ropes or scaffolds; occasionally able to be exposed to moving machinery and unprotected heights; able to remember, understand and carry out simple instructions; required no more than scheduled breaks; and could occasionally interact with the public.  R. 1482.  The VE identified three, unskilled[6] jobs this person could perform:  (1) router, 22,000 positions in the national economy; (2) marker, 165,100 positions in the national economy; and (3) mail clerk, 12,600 positions in the national economy.  R. 1483.  The VE opined that the same three positions would be available if the same person could only tolerate occasional

---

[4] Although Plaintiff testified to having past work as a teacher, R. 1481, the ALJ, inexplicably, asked the VE to assume a person without any past work experience.
[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).
[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. § 404.1568(a).

3

interaction with coworkers and supervisors and occasional changes in the work setting. R. 1483-84.  The VE further opined that, if a person was off task 10% of the time, there would be jobs for them;[7] however, if a person was absent more than twice a month, they could not sustain work.  R. 1486.

### III.     THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2018.

2. [Plaintiff] did not engage in substantial gainful activity during the period from her alleged onset date of December 31, 2018 through her date last insured of December 31, 2018 (20 CFR 404.1571 *et seq,*).

3. Through the date last insured, [Plaintiff] had the following severe impairments:  disorders of the spine, fibromyalgia, obesity, depressive disorder, anxiety disorder, and a somatic disorder (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except [she] could occasionally balance, stoop, kneel, crouch, crawl, reach overhead with both arms, and climb ramps and stairs; could never climb ladders, ropes, or scaffolds; had to avoid more than occasional exposure to hazards including moving machinery and unprotected heights; could understand, remember, and carry out simple instructions requiring no more than scheduled breaks; could occasionally interact with the public, coworkers, and supervisors; and could deal with occasional changes in a routine work setting.

---

[7] The VE failed to identify the jobs.  R. 1486.

6.    [Plaintiff] has no past relevant work (20 CFR 404.1565).

7.    [Plaintiff] was born on August 29, 1975 and was 43 years old, which is defined as younger individual age 18-49, on the date last insured (20 CFR 404.2563).

8.    [Plaintiff] has at least a high school education (20 CFR 404.1564).

9.    Transferability of skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 404.1568).

10.    Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569 and 404.1569a).

11.    [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from December 31, 2018, the alleged onset date, through December 31, 2018, the date last insured (20 CFR 404.1520(g)).

R. 1451-53, 1455, 1463-65.

## IV.   DISCUSSION

A.    <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is

deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v.*

6

*Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.    <u>Review of the Administrative Law Judge's Decision</u>

Applying the SEP, the ALJ determined that, although Plaintiff had no past relevant work, she could perform other unskilled, light work; hence, she was not disabled. R. 1449-65. Plaintiff disputes the ALJ's decision and argues that the ALJ committed reversible legal error by: (1) failing to consider the evidence the Veterans Administration ("VA") used to determine she had a 100% disability rating; (2) improperly considering Plaintiff's fibromyalgia symptoms because the ALJ required objective evidence to substantiate those symptoms; and (3) improperly considering the 2022 opinions of treating physician, Jennifer Stephens, D.O. Pl. Br. at 1-16. The Commissioner denies Plaintiff's assertions. Resp. at 1-14. This court finds that Plaintiff's second and third arguments justify a remand.

1.    <u>Veteran's Administration Evidence</u>

Plaintiff argues that the ALJ erred because she failed to consider supporting evidence the VA used to determine that she had a 100% disability rating. Pl. Br. at 4-9. In particular, Plaintiff relies upon the ALJ's failure to mention a July 2001 letter by Physician Assistant Christine Stanfield, Plaintiff's primary treating source, which described her adverse reaction to the 1999 anthrax vaccines she received, as required by her military service. *Id.* at 5-7. This court finds that this specific assertion of error lacks merit.

The relevant regulation states that the Commissioner will not provide any analysis of a disability determination by another governmental agency, such as the VA; however, the Commissioner will consider the evidence that the other agency used to make its determination. 20 C.F.R. § 404.1504.

Plaintiff is correct that the ALJ failed to explicitly mention PA Stanfield's July 2001 letter

at any point in her decision. However, the ALJ did cite to Exhibit 1F, which contains Plaintiff's VA records, including PA Stanfield's July 2011 letter, at various points of her decision.[8] R. 1453-54, 1458, 1461. Furthermore, the ALJ explicitly identified her duty to consider the evidence the VA used and noted that she had, in fact, considered it. R. 1461.

In this case, Plaintiff's medical records comprise well over 1000 pages. R. 521-1445, 1745-1984. The Third Circuit has long held that, in a case with voluminous medical records, an ALJ is not required to consider explicitly every medical record. *Fargnoli*, 247 F.3d at 42. In *Fargnoli*, the claimant's medical records only amounted to 115 pages, *id.*; herein, they are much more voluminous. Hence, the ALJ did not err by failing to explicitly consider PA Stanfield's July 2001 letter. Furthermore, the record reveals that the ALJ acknowledged her review of PA Stanfield's July 2001 letter. R. 1461. In light of the voluminous record in this case, this court cannot find that the ALJ erred by failing to explicitly mention PA Stanfield's two-page July 2001 letter. *Fargnoli*, 247 F.3d at 42.

2. Fibromyalgia Symptoms

Plaintiff argues that the ALJ erred by requiring objective medical evidence to corroborate her fibromyalgia symptoms. Pl. Br. at 10-12. This argument has merit.

Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869, describes both how the Commissioner will decide if fibromyalgia is a medically determinable impairment and how to evaluate fibromyalgia symptoms. *Id.* at *2-*5. While objective medical evidence is required to determine that fibromyalgia is a medically determinable impairment, *id.* at *3, said evidence is not necessary for evaluating fibromyalgia symptoms. *Id.* at *5.

The ALJ's evaluation of the limitations caused by Plaintiff's fibromyalgia is not precise.

---

[8] Exhibit IF comprises pages 521-69 of the administrative record. PA Stanfield's July 2001 letter is contained at pages 523-24 of the administrative record.

At one point, she rejects Plaintiff's testimony about hand and arm numbness and weakness, which could be a fibromyalgia symptom, *see* SSR 12-2p at *2, and rejects that testimony for lack of objective findings. R. 1460. To the extent the ALJ was rejecting Plaintiff's fibromyalgia symptoms for lack of objective findings, this was legal error. SSR 12-2p at *5. Next, the ALJ considered a November 2018 fibromyalgia questionnaire prepared by Nurse Practitioner Catherine Harding. R. 1462. In doing so, the ALJ rejected NP's Harding's fibromyalgia limitations, because they were based on Plaintiff's reports and not specific findings. *Id.* In effect, the ALJ rejected Plaintiff's reported fibromyalgia symptoms, based upon a lack of objective medical findings to support them. This also constitutes reversible legal error. SSR 12-2p at *5. This case must be remanded so that the ALJ reconsiders Plaintiff's fibromyalgia symptoms, without regard to whether objective medical evidence or findings support Plaintiff's symptom testimony.

    3. <u>Dr. Stephens' Opinions</u>

Finally, Plaintiff argues that, when considering Dr. Stephen's 2022 opinions, the ALJ failed to apply correctly the regulation for weighing medical opinion evidence. Pl. Br. at 12-16. Plaintiff further argues that the ALJ ignored the Appeals Council's remand instructions concerning Dr. Stephen's 2022 opinions. *Id.* at 15. The latter argument, which the Commissioner ignores, has merit.

The governing regulation requires an ALJ to take any action the Appeals Council directs in a remand order. 20 C.F.R. § 404.977(b). Herein, the Appeals Counsil found, with respect to Dr. Stephens' 2022 opinions, that the ALJ had failed to cite evidence in the record that was inconsistent with the specific limitations Dr. Stephens had found; she was ordered to correct this deficiency. R. 1526. Upon remand from the Appeals Council, the ALJ noted some of the physical and mental functioning limitations Dr. Stephens identified in 2022. R. 1461-62. However, when

the ALJ rejected them, she failed to provide citation to any specific part of the record. *See* R. 1462. This constitutes a failure to comply with the Appeals Council's directive to provide specific citation to the record. R. 1526. The ALJ's failure to comply with her duty constitutes reversible legal error. On remand, the ALJ shall comply with the Appeals Council's directive.

    An implementing order and order of judgment follow.